AMIN WASSERMAN GURNANI, LLP
Matthew R. Orr, Bar No. 211097
Cole Kroshus, Bar No. 345790
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (213) 933-2330
morr@awglaw.com
ckroshus@awglaw.com

Attorneys for Defendant Target Corporation

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANICE WILLIAMS and MICHAEL SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION<br><br>Defendant. | Case No.: 3:26-cv-2534-H-BLM<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: September 21, 2026<br>TIME: 10:30 am<br>CTRM: 12A |

`

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that, on September 21, 2026 at 10:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Marilyn L. Huff, in Courtroom 12A of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California 92101, Defendant Target Corporation will and hereby does move the Court to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b).

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities attached hereto, the pleadings, records and files in this action, all matters of which the Court may take judicial notice, and such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

Dated: July 24, 2026

**AMIN WASSERMAN GURNANI, LLP**

***/s/ Cole Kroshus***

Matthew R. Orr, Bar No. 211097
Cole Kroshus, Bar No. 345790
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (213) 933-2330
morr@awglaw.com
ckroshus@awglaw.com

*Attorneys for Defendant Target Corporation*

**TABLE OF CONTENTS**


Page

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 1

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 4

A. Plaintiffs fail to state a UCL, FAL, or CLRA claim. .......... 4

B. Plaintiffs' breach of express warranty claim must be dismissed. .......... 6

C. Plaintiffs' breach of implied warranty claim must be dismissed. .......... 7

D. Plaintiffs' negligent and intentional misrepresentation claims must be dismissed. .......... 9

E. Plaintiffs' unjust enrichment claim must be dismissed. .......... 9

F. Plaintiffs also lack Article III standing to seek injunctive relief. .......... 10

G. Plaintiffs' claims brought on behalf of the nationwide class must be dismissed for lack of standing. .......... 12

H. The Court should dismiss Plaintiffs' equitable restitution claims because they have failed to plead inadequate remedies at law. .......... 14

V. CONCLUSION .......... 17

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Ice Machine Co. v. Modern Ice Equipment Co., Inc.*, No. 24-cv-02083, 2025 WL 1570523, at *5 (S.D. Cal. June 2, 2025) ..... 7

*Am. Suzuki Motor Corp v. Superior Ct.*, 44 Cal. Rptr. 2d 526, 529 (1995) ..... 8

*Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F. Supp. 3d 911, 920 n.2 (C.D. Cal. Apr. 5, 2021) ..... 8

*Ashcroft v. Iqbal, 556 U.S. 662 (2009)* ..... 3

*Axelrod v. Lenovo (United States) Inc.*, No. 21-cv-6770-JSW, 2022 WL 976971, at *3 (N.D. Cal. Mar. 31, 2022) ..... 16

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ..... 3

*Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) ..... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ..... 3

*Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) ..... 8

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ..... 3

*Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1039 (S.D. Cal. 2020) ..... 13

*Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 905 (N.D. Cal. 2021) ..... 7

*Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1199 (S.D. Cal. 2021) ..... 7

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ..... 12

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) ..... 10

*Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) ..... 4

*Ellis v. J.P. Morgan Chase & Co.*, 950 F. Supp. 2d 1062, 1071 (N.D. Cal. 2013) ..... 3

*Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 974 (Cal. 1997) ..... 9

*Goldstein v. General Motors LLC*, 445 F. Supp. 3d 1000, 1021 (S.D. Cal. 2020) ..... 12

*Gradney v. Polar Beverages*, 797 F. Supp. 3d 1016, 1029 (N.D. Cal. 2025) ..... 14, 16

*Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012) ........ 12, 13

*Grausz v. Kroger Co.*, No. 19-cv-04490-JLS, 2020 WL 12688138, at *15 (S.D. Cal. March 3, 2020) ........ 12

*Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945) ........ 14

*Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1313 n.2 (9th Cir. 2022) ........ 14, 15

*Hadley v. Kellogg Sales, Co.*, 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017) ........ 7

*Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 820, 826 (Ct. App. 2014) ........ 9

*Iglesias v. Arizona Beverages USA, LLC*, 2025 WL 2714143, at * (N.D. Cal. Aug. 14, 2025) ........ 12

*In re Accellion, Inc. Data Breach Litig.*, No. 5:21-cv-01155-EJD, 2024 WL 333893, at *17 (N.D. Cal. Jan. 29, 2024) ........ 15

*In re Coca-Cola Products Marketing and Sales Practices Litigation*, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ........ 11

*In re Tobacco II*, 207 P.3d 20, 29 (Cal. 2009) ........ 9

*Jackson v. Gen. Mills, Inc.*, No. 18-cv-2634-LAB (BGS), 2020 WL 5106652, at *6 (S.D. Cal. Aug. 28, 2020) ........ 11

*Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 910 (N.D. Cal. 2019) ........ 12

*Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) ........ 12

*Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) ........ 4

*Lee v. Natur's Path Food, Inc.*, No. 23-cv-00751-H-MSB, 2023 WL 7434963, at *4 (S.D. Cal. Nov. 9, 2023) ........ 6

*LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Ct. App. 1997) ........ 9

*Liou v. Organifi, LLC*, 491 F. Supp. 3d 740, 746, 749 (S.D. Cal. 2020) ........ 8

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992) ........ 10

*McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023) ........ 4

*Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 846 (S.D. Cal. Jan. 25, 2024) ........ 15

*Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 549 (2003)........................................................ 8
*Moore v. Trader Joe's Co.*, 4 F.4th 874, 882, 884 (9th Cir. 2021) .................................................. 4, 5, 6
*Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018)............................................................................................................ 16
*Nacarino v. KSF Acquisition Corp.*, 642 F. Supp. 3d 1074, 1087-88 (N.D. Cal. 2022)........................... 9
*Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999)...................................... 13
*O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) ...................................................................................... 14
*Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017) ........................ 12
*Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) ................... 12, 13
*Rhynes v. Stryker Corp.*, No. 10-5619, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011)................................................................................................................................. 16
*Ringler v. J.M. Smucker Co.*, 783 F. Supp. 3d 1229, 1247-48 (C.D. Cal. 2025) .................................... 11
*Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 924-25 (E.D. Cal. 2020) ............................ 10
*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ..................................................... 4
*Shaeffer v. Califa Farms, LLC*, 44 Cal. App. 5th 1125, 1140 (2020) ....................................................... 4
*Sihler v. Fulfillment Lab, Inc.*, No. 20-cv-01528-H-MSB, 2020 WL 7226436, at *16-17 (S.D. Cal. Dec. 8, 2020) ..................................................................................................................... 13
*Sinatro v. Mrs. Gooch's Natural Food Markets, Inc.*, No. 22-CV-03603, 2023 WL 2324291, at *12 (N.D. Cal. Feb. 16, 2023) ...................................................................................... 4
*Smith v. Allmax Nutrition, Inc.*, No-15-cv-00744, 2015 WL 9434768, at *9-10 (E.D. Cal. Dec. 24, 2015)............................................................................................................................ 9
*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842-44 (9th Cir. 2020)................................ 14, 15, 16
*Stewart v. Kodiak Cakes,* LLC, 537 F. Supp. 3d 1103, 1127, 1159 (S.D. Cal. 2021)........................ 10, 11
*StubHub Refund Litigation*, No.20-md-02951-HSG, 2026 WL 306641, at *5 (N.D. Cal. Feb. 5, 2026)...................................................................................................................................... 12
*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)......................................................................... 10

*Swetala v. Queten Research Inst., LLC*, 2025 WL 950627, at *5 (E.D. Cal. Mar. 28, 2025) ........ 7
*Tan v. Quick Box, LLC*, No. 20-cv-01082-H-DEB, 2020 WL 7226440, at *18-19 (S.D. Cal. Dec. 8, 2020) ........ 13
*Testone v. Go Macro, LLC*, No. 25-cv-1743-RSH-KSC, 2026 WL 948510, at *5 (S.D. Cal. April 8, 2026) ........ 5
*Trammell v. KLN Enterprises, Inc.*, No. 23-cv-01884-H-JLB, 2024 WL 4194794, at *8 (S.D. Cal. Sept. 12, 2024) ........ 10, 11
*Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. May 13, 2013) ........ 7
*Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 781 (9th Cir. 2024) ........ 5, 6
*Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) ........ 4

**Statutes**

Cal Bus. & Prof. Code § 17200. ........ 2
Cal. Bus & Prof. Code § 17500. ........ 2
Cal. Civ. Code § 1750 ........ 3
Cal. Com. Code § 2313 ........ 13, 14
Cal. Com. Code § 2314 ........ 8, 13, 14
Fed Rule of Civ. Proc. 8 ........ 3
Fed Rule of Civ. Proc. 9 ........ 1, 3
Fed Rule of Civ. Proc. 12 ........ 1, 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Janice Williams and Michael Smith (collectively "Plaintiffs") bring claims all stemming from the allegedly false or misleading label of Defendant Target's Ashwaganda 300mg dietary supplement (the "Product"). According to Plaintiffs, the Product misleads consumers to believe the Product contains twice as many servings as it actually contains. Plaintiffs' claims all fail because they do not plead facts—as opposed to conclusions—plausibly establishing that a significant portion of reasonable consumers would be misled. In clear text *adjacent* to the allegedly false or misleading statements, the Product label discloses both the serving size and the number of servings per container. But Plaintiffs ignore those clear disclosures, instead choosing to cherry pick isolated statements. Because they fail to plausibly allege reasonable consumers would be misled, their claims fail as a matter of law.

Plaintiffs' claims also suffer from other defects. They bring claims for express and implied warranties, but ignore that the label expressly discloses the servings per container, and they do not allege the Product was unfit for its ordinary purpose. Their claims for equitable relief fail because (1) they do not plausibly allege their legal remedies are inadequate and (2) they do not allege Article III standing to pursue injunctive relief. They assert common law claims on behalf of a proposed nationwide class, but ignore that this Court has recognized that California plaintiffs lack Article III standing to bring claims on behalf of out-of-state consumers under other states' laws. Their fraud and negligent misrepresentation claims also fail because the labeling expressly discloses the serving size and servings per container; they do not, and cannot, allege any failure to disclose.

In short, the Complaint is riddled with legal errors and insufficient allegations. The Court should dismiss the Complaint in its entirety.

## II. BACKGROUND

Plaintiffs Williams and Smith allege that Target "makes, distributes, sells, and markets Up&Up Ashwagandha Gummies 300 mg." (Dkt. 1, Compl. ¶ 1.) According to Plaintiffs, the label on the Product misleads consumers: "The front label . . . advertises the number of gummies in the Product as 60 gummies," leading reasonable consumers "to believe that each coated gummy contains the advertised

dosage amount: 300 mg of ashwagandha." (*Id.* ¶ 2.) Plaintiffs allege this is false because "each gummy does not contain the advertised dosage amount" but instead a consumer must eat two gummies to receive the dosage amount. (*Id.* ¶ 3.) Plaintiffs concede that the Supplement Facts Panel discloses that the serving size is "2 Gummies." (*Id.* ¶ 13.)

Plaintiff Williams claims she purchased the Product at a Target in Encinitas, California, in or around March 2025. (*Id.* ¶ 11.) Plaintiff Smith claims he purchased the Product in Bakersfield, California, in July 2025. (*Id.*) Both plaintiffs claim they "would consider purchasing the Product again if the advertising statements made on the Product label were, in fact, truthful." (*Id.*).

The Product's labels are shown below. (*See id.* ¶ 13.)




Plaintiffs assert the following claims on behalf of themselves, a California class, and/or a Nationwide Class, as indicated in each cause of action: (1) violation of the California Unfair Competition Law, ("UCL"), Cal Bus. & Prof. Code §§ 17200 *et seq.* (*see* Compl. ¶¶ 58-77); (2) violations of the California False Advertising Law ("FAL"), Cal. Bus & Prof. Code §§ 17500, *et seq.* (*see* Compl. ¶¶ 78-

86); (3) violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* (*see* Compl. ¶¶ 87-95); (4) breach of express warranties (*see* Compl. ¶¶ 96-102); (5) breach of implied warranties (*see* Compl. ¶¶ 103-09); (6) negligent misrepresentation (*see* Compl. ¶ 110-16); (7) intentional misrepresentation/fraud (*see* Compl. ¶¶ 117-27); and (8) unjust enrichment (*see* Compl. ¶¶ 128-132). Plaintiffs seek an injunction, attorneys' fees, costs, damages (punitive, statutory, and actual), restitution, and costs.

## III. LEGAL STANDARD

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8, 12(b)(6). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Allegations that are merely consistent with liability do not suffice. *Id.*

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted).

Plaintiffs' claims based in fraud require a heightened particularity in pleading. *See* Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." *Id.* The circumstances required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Id.*

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a federal court is to first determine its jurisdiction over the dispute. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007); *Ellis v. J.P. Morgan Chase & Co.*, 950 F. Supp. 2d 1062, 1071 (N.D. Cal. 2013). A court sustains a facial attack on subject matter jurisdiction if "the allegations contained in the complaint [or on matters which

the court can take judicial notice of] are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## IV. ARGUMENT

### A. Plaintiffs fail to state a UCL, FAL, or CLRA claim.

Claims under the UCL, CLRA, and FAL are governed by the "reasonable consumer" standard. *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). Under that standard, a plaintiff "must 'show that members of the public are likely to be deceived.'" *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *Williams*, 552 F.3d at 938). The reasonable consumer standard requires "more than a mere possibility that [the defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Rather, a plaintiff must plausibly allege "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.* (quoting *Lavie*, 105 Cal. App. 4th at 508). "[A] plaintiff's unreasonable assumptions about a product's label will not suffice." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021).

A plaintiff's allegation that an advertisement is likely to deceive a reasonable consumer "is a legal conclusion; not a factual allegation; as such, it is neither binding nor controlling." *Shaeffer v. Califa Farms, LLC*, 44 Cal. App. 5th 1125, 1140 (2020) (quotation and citation omitted); *see also Sinatro v. Mrs. Gooch's Natural Food Markets, Inc.*, No. 22-CV-03603, 2023 WL 2324291, at *12 (N.D. Cal. Feb. 16, 2023) ("The Court, however, does not need to accept as true Plaintiffs' legal conclusion that the packaging is deceptive to the reasonable consumer."). Instead, the Complaint must include plausible allegations "regarding a reasonable consumer's understanding" of the advertisement. *Sinatro*, 2023 WL 2324291, at *12.

Consumers of "niche, specialty product[s] are undoubtedly more likely to exhibit a higher standard of care than" a normal consumer. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 884 (9th Cir. 2021). Also, "[w]here clarifying information is located adjacent to, or near, challenged statements courts routinely find

reasonable consumers would not be deceived." *Testone v. Go Macro, LLC*, No. 25-cv-1743-RSH-KSC, 2026 WL 948510, at *5 (S.D. Cal. April 8, 2026) (collecting cases). Relatedly, if a challenged statement is ambiguous, the court may consider clarifying information regardless of where it is located on the label as well as non-label "contextual inferences regarding the product itself." *Moore*, 4 F.4th at 882. A statement is ambiguous if "reasonable consumers would necessarily require more information before reasonably concluding that the label is making a particular representation." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 781 (9th Cir. 2024).

Here, for numerous reasons, Plaintiffs fail to plausibly allege a significant number of reasonable consumers would be misled. First, in language *adjacent* to the challenged statement "60 count", the label expressly states that a serving size is 2 gummies:



Compl. ¶ 13. Indeed, the phrase "60 Count" is closer to the serving size disclosure than it is to the phrase "300 mg." (*See id.*) The immediate proximity of the phrase "60 Count" to the serving size disclosure is indisputable and dispositive, particularly where, as here, a consumer is purchasing a "niche, specialty" supplement, and is going to exhibit a higher degree of care. *Moore*, 4 F.4th at 884. Because the labeling makes clear that "60 count" is a reference to how many gummies are in the Product, and not a reference to how many servings are in the Product, Plaintiffs have not plausibly alleged deception.

Second, while the Product labeling expressly states the serving size and number of servings per container, even assuming arguendo that the "60 count" statement was ambiguous, the Court can consider the Supplement Facts Panel, which resolves any purported ambiguity. The front label says "60 GUMMIES" and "60 Count." It does *not* say "60 servings." Plaintiffs offer nothing more than their own *conclusion* that reasonable consumers would conclude unambiguously that "60 Count" means 60 *servings* of 300 mg of ashwagandha root extract. Plaintiffs allege that certain other ashwagandha supplements advertise the dosage as "per serving." Compl. ¶ 20 (citing a product that advertises as "600 mg per serving"). But that just belies Plaintiffs' *ipse dixit* conclusion that reasonable consumers would unambiguously interpret "60 count" as meaning 60 *servings* where the label does *not* state there are 60 "servings." "[R]easonable consumers would necessarily require more information before reasonably concluding that "60 Count" means 60 servings. *Whiteside*, 108 F.4th at 781. Because a reasonable consumer would need more information before concluding that the Product contained 300mg was per count rather than per serving, the Court may properly consider the Supplement Facts Panel. *See Moore*, 4 F.4th at 884. As noted, the Supplement Facts Panel dispels any notion that 300mg is per gummy, as it explicitly states that the serving size is 2 gummies. Plaintiffs fail to state any UCL, CLRA, or FAL claims.

**B. Plaintiffs' breach of express warranty claim must be dismissed.**

Plaintiffs' breach of express warranty claims fail for multiple reasons. First, the express warranty claim is predicated on the same alleged misrepresentation theory as the UCL, FAL, and CLRA claims. Because Plaintiffs have failed to state any UCL, FAL, or CLRA claim, the express warranty claim fails for the same reasons. *See, e.g., Lee v. Natur's Path Food, Inc.*, No. 23-cv-00751-H-MSB, 2023 WL 7434963, at *4 (S.D. Cal. Nov. 9, 2023).

Second, to state an express warranty claim, a plaintiff must adequately allege that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Am. Ice Machine Co. v. Modern Ice Equipment Co., Inc.*, No. 24-cv-02083, 2025 WL 1570523, at *5 (S.D. Cal. June 2, 2025) (quoting *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. May 13, 2013)). "To constitute a warranty and be actionable, the statement must be specific and unequivocal." *Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1199 (S.D. Cal. 2021).

Plaintiffs fail to allege that Target made any "specific and unequivocal" warranty that the Product contained 300 mg ashwagandha root extract *per count*. The Product label never makes any such express, specific, unequivocal affirmation. Instead, the label expressly and specifically states the serving size is "2 Gummies."

*Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897 (N.D. Cal. 2021), is instructive. There, the court dismissed an express warranty claim where the plaintiff alleges the product label misled consumers to believe that 750 mg Vitamin C and 50 mg of elderberry juice concentrate could be obtained per gummy rather than per serving size of three gummies. *See id.* at 903, 905. The court found that the labeling did not "explicitly affirm the dosage is per gummy." *Id.* at 905.The same is true here. Plaintiffs' express warranty claims fail as a matter of law.

**C. Plaintiffs' breach of implied warranty claim must be dismissed.**

Plaintiffs' implied warranty claims also fail for several reasons. First, where an implied warranty claim "is based solely on whether the product in dispute conforms to the promises or affirmations of fact on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product." *Swetala v. Queten Research Inst., LLC*, 2025 WL 950627, at *5 (E.D. Cal. Mar. 28, 2025) (quoting *Hadley v. Kellogg Sales, Co.*, 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017)). Thus, Plaintiffs' implied warranty claims fail for the same reasons delineated as to their express warranty claims.. *See id.*; *Cimoli*, 546 F. Supp. 3d at 905 (holding the implied warranty claim

failed for same reason as the express warranty claim: "Plaintiff has not pled an affirmation of fact or promise that the dosage representations are per gummy").

Second, Plaintiffs fail to allege the Product was not fit for its ordinary purpose. The California Commercial Code "implies a warranty of merchantability that goods '[a]re fit for ordinary purposes for which such goods are used.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (quoting Cal. Com. Code § 2314(2)(c)). "Merchantable" goods are defined under California law to be "fit for the ordinary purposes for which such goods are used[.]" Cal. Com. Code § 2314(2)(c). The implied warranty of merchantability "does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Am. Suzuki Motor Corp v. Superior Ct.*, 44 Cal. Rptr. 2d 526, 529 (1995) (citation omitted). A breach "occurs if the product lacks 'even the most basic degree of fitness for ordinary use.'" *Birdsong*, 590 F.3d at 958 (quoting *Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 549 (2003)).

*Liou v. Organifi, LLC*, 491 F. Supp. 3d 740 (S.D. Cal. 2020), is instructive. There, the plaintiff brought an implied warranty of merchantability claim alleging that defendant falsely advertised its green juice as having health benefits which the juice did not provide. *See id.* at 746. The court observed that the ordinary use "as the Product's name suggests, is a juice, and there is no indication that Plaintiff received anything other than a juice." *Id.* at 749. The same is true here. Plaintiffs purchased ashwagandha gummies. There is no indication that the ashwagandha gummies did not in fact act as ashwagandha gummies. Plaintiffs have failed to allege an implied breach of merchantability claim.

Third, "there cannot be an implied warranty claim that is contrary to what the label actually says." *Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F. Supp. 3d 911, 920 n.2 (C.D. Cal. Apr. 5, 2021). "If the label says one thing, Defendants cannot impliedly warrant another." *Id.* Here, as alleged by Plaintiffs themselves, the label expressly states the serving size is "2 Gummies." (Compl. ¶ 13.)

**D. Plaintiffs' negligent and intentional misrepresentation claims must be dismissed.**

California common law fraud comes in three types: false representation, concealment, nondisclosure. *Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 974 (Cal. 1997).[1] A false representation claim requires a representation that is "actually false." *See, e.g.*, *Nacarino v. KSF Acquisition Corp.*, 642 F. Supp. 3d 1074, 1087-88 (N.D. Cal. 2022); *In re Tobacco II*, 207 P.3d 20, 29 (Cal. 2009). Anything other than an actually false statement must be brought as a concealment or nondisclosure claim. "A fraud claim based upon the suppression or concealment of a material fact must involve a defendant who had a legal duty to disclose the fact." *Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 820, 826 (Ct. App. 2014). "There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.'" *LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Ct. App. 1997) (citation omitted).

None of those factors apply here. There is no allegation that Target had a fiduciary relationship with Plaintiffs. And there is certainly no plausible allegation that Target concealed or suppressed the fact that the serving size is two gummies. Plaintiffs admit the Product label expressly disclosed the serving size (and amount of nutrients per serving) in the Supplement Facts panel. For that exact same reasons, Plaintiffs do not (and cannot) allege that Target had "exclusive knowledge" that the serving size was two gummies. Plaintiffs' fraudulent and negligent misrepresentation claims must be dismissed.

**E. Plaintiffs' unjust enrichment claim must be dismissed.**

Plaintiffs allege both an unjust enrichment claim and a breach of express warranty claim, requiring dismissal of their unjust enrichment claim if the breach of express warranty claim moves forward. California law prohibits a party from bringing both an unjust enrichment claim and a breach of express warranty claim. *See, e.g.*, *Smith v. Allmax Nutrition, Inc.*, No-15-cv-00744, 2015 WL 9434768, at *9-10

---

[1] Negligent misrepresentation and fraudulent misrepresentation differ only in that negligent misrepresentation "lacks the element of intent to deceive." *Forbush v. NTI-CA Inc.*, No. 22-cv-00141-H-RBB, 2025 WL 405696, at *11 (S.D. Cal. Feb. 5, 2025).

(E.D. Cal. Dec. 24, 2015). Where, as here, a party pleads both, courts dismiss the unjust enrichment claim if the breach of express warranty claim survives the motion to dismiss. *See id.*; *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 924-25 (E.D. Cal. 2020) (same); *Stewart*, 537 F. Supp. 3d at 1159 (same).

Further, Plaintiffs' unjust enrichment claim also relies on the same theory as their statutory claims, requiring dismissal of the unjust enrichment claim if the Court dismisses the statutory claims.

**F. Plaintiffs also lack Article III standing to seek injunctive relief.**

Plaintiffs fail to allege they have Article III standing to obtain injunctive relief. Article III standing requires any party who brings a lawsuit in federal court to allege (1) an injury-in-fact (2) that was caused by the defendant and (3) that is redressable by the court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992). These requirements must be met for each type of relief sought. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). To bring a claim for injunctive relief, "a prospective remedy," plaintiff must establish some threat of a future injury-in-fact. *Id.* This threat must be "actual and imminent, not conjectural or hypothetical." *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). In the context of false advertising cases, a plaintiff "may", in some circumstances, have standing to pursue injunctive. *Id.* But courts dismiss such claims for lack of standing where the plaintiff fails to allege a desire to purchase the product again in the future, or where the plaintiff has "knowledge that enables him to make an appropriate choice with respect to [the allegedly misleading product label]." *Trammell v. KLN Enterprises, Inc.*, No. 23-cv-01884-H-JLB, 2024 WL 4194794, at *8 (S.D. Cal. Sept. 12, 2024), *reversed on other grounds by* 176 F.4th 629.

Plaintiffs' claims for injunctive relief fall within both of these categories. First, Plaintiffs' Complaint makes clear they now know precisely where to find information about how many servings are contained in the Product; they do not face any actual and imminent threat of future injury. *Stewart v. Kodiak Cakes,* LLC, 537 F. Supp. 3d 1103, 1127 (S.D. Cal. 2021), is instructive. The plaintiff brought claims that several statements on a label for pancake mix were false or misleading. The Court held that some could give rise to Article III standing while others did not. The statements "no preservatives," "free of artificial additives," "healthy," and "protein-packed" could not give rise to Article III standing. *Id.*

Plaintiffs did "not dispute the veracity of the nutrition facts or ingredient labeling on the products." *Id.* And in the future they could "check the nutrition facts or ingredient labeling to assess if the products still contain[ed] preservatives; artificial additives; unhealthy levels of fat, cholesterol. Sugar, and vitamins; or insufficient protein." *Id.* In contrast, claims for injunctive relief regarding the statement "non-GMO" were allowed to proceed because "Plaintiffs cannot check the undisputed" facts on the label to determine if non-GMO was accurate in the future. *Id.*;

Here, Plaintiffs' allegations regarding the label preclude them from claiming any plausible threat of future injury. They admit the label states the number of gummies per serving, as well as the number of servings per container. *See* Compl. ¶ 13. In the future, even if nothing about the label changes, Plaintiffs know exactly where to look to determine how many servings the Product contains; they do not face any actual, concreate threat of future injury. *See Stewart*, 537 F. Supp. 3d at 1127; *see also Jackson v. Gen. Mills, Inc.*, No. 18-cv-2634-LAB (BGS), 2020 WL 5106652, at *6 (S.D. Cal. Aug. 28, 2020) ("Whatever other customers might know or not know, however, [plaintiffs are] on notice of facts in [their] own complaint. If [they] choose[ ] to ignore them and rely on box size alone, [their] reliance would not be reasonable."); *Trammell*, 2024 WL 4194794, at *8 ("Plaintiff admits that he now has knowledge that enables him to make an appropriate choice with respect to Wiley Wallaby Very Berry Licorice."); *Ringler v. J.M. Smucker Co.*, 783 F. Supp. 3d 1229, 1247-48 (C.D. Cal. 2025) (dismissing claim for injunctive relief where "by simply looking at the ingredients label, Plaintiff can uncover whether the Product contains citric acid and avoid purchasing it."). For this reason alone, the Court must dismiss Plaintiffs' claims for injunctive relief.

Their injunctive relief claims also false because their allegations to whether they desire to purchase the product again are too conjectural to satisfy Article III. The sole allegation as to future intent to purchase is that "Plaintiffs would *consider* purchasing the Product again if the advertising statements made on the Product label were, in fact, truthful." Compl. ¶ 11; *id.* ¶ 32 ("Plaintiffs would like to, and would consider, purchasing the Product again . . . ."). The Ninth Circuit has twice rejected similar allegations in unpublished decisions. In *In re Coca-Cola Products Marketing and Sales Practices Litigation*, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021), the Ninth Circuit held that allegations that "if Coke were properly

labeled, [plaintiffs] would consider purchasing it" proved insufficient to establish Article III standing. Similar allegations fell short in *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018); *see also Grausz v. Kroger Co.*, No. 19-cv-04490-JLS, 2020 WL 12688138, at *15 (S.D. Cal. March 3, 2020) (holding that plaintiff's allegation that she would "*consider* purchasing the Product again" proved insufficient to establish Article III standing); *In re StubHub Refund Litigation*, No.20-md-02951-HSG, 2026 WL 306641, at *5 (N.D. Cal. Feb. 5, 2026) (holding Plaintiffs failed to establish Article III standing against StubHub because allegations about future ticket purchases stated the purchase would be "*potentially* from StubHub"); *Iglesias v. Arizona Beverages USA, LLC*, 2025 WL 2714143, at * (N.D. Cal. Aug. 14, 2025) (holding that plaintiff's "declaration that he would 'consider' purchasing the beverages falls short of demonstrating" Article III injury"). The Court should dismiss Plaintiffs' claims for injunctive relief.

**G. Plaintiffs' claims brought on behalf of the nationwide class must be dismissed for lack of standing.**

Plaintiffs, citizens of California who were injured in California, lack Article III standing to bring claims under non-California law. "Plaintiffs must show they have standing for each claim they raise, and Plaintiffs do not have standing to bring claims under the laws of states where they have alleged no injury residence, or other pertinent connection." *Goldstein v. General Motors LLC*, 445 F. Supp. 3d 1000, 1021 (S.D. Cal. 2020) (J., Huff); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (recognizing that Article III standing must be measured claim-by-claim).

Within the context of claims like those brought here involving alleged false advertising that led to the purchase of a product, courts consistently dismiss claims brought on behalf of nationwide classes. "The overwhelming majority of courts have held that Article III standing for state law claims is necessarily lacking when no plaintiff is alleged to have purchased a product within the relevant state." *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017); *see, e.g., Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 910 (N.D. Cal. 2019); *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013); *Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012). "This is because injury in fact is not established." *In re Packaged*

*Seafood Prod.*, 242 F. Supp. 3d at 1095. "In the absence of a named Plaintiff who has purchased a product within the relevant state—even if there are sufficient allegations of injury under other States' or federal law—there can be no determination that an interest was harmed that was legally protected under the relevant state's laws." *Id.* "Thus, '[w]here...a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.'" *Pardini*, 961 F. Supp. 2d at 1061 (quoting *Granfield*, 2012 WL 2847575, at *4); *see also Sihler v. Fulfillment Lab, Inc.*, No. 20-cv-01528-H-MSB, 2020 WL 7226436, at *16-17 (S.D. Cal. Dec. 8, 2020) (dismissing claims brought on behalf of a nationwide class which were based on laws outside of California); *Tan v. Quick Box, LLC*, No. 20-cv-01082-H-DEB, 2020 WL 7226440, at *18-19 (S.D. Cal. Dec. 8, 2020) (same).

With respect to Plaintiffs' fraud, negligent misrepresentation, and unjust enrichment claims—which they purport to bring on behalf of a nationwide class—they do not identify the states' laws under which they purport to bring the nationwide claims. By pleading only "generic" fraud, negligent misrepresentation, and unjust enrichment claims, "what Plaintiff[s] [are] attempting to do here is assert fifty" fraud, negligent misrepresentation, and unjust enrichment claims—"one of each claim for each state[.]" *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1039 (S.D. Cal. 2020). But Plaintiffs' do "not have standing to assert a claim against [Target] under any state's law but California's because [Plaintiffs] did not suffer any injuries in fact traceable to any allege violations of any other states' laws." *Id.* "Labeling the putative class as a 'nationwide class' does not overcome this fatal deficiency." *Id.* Plaintiffs allege they purchased in California. *See* Compl.¶ 24. They do not allege that they engaged in any transaction in any other State. The Court should dismiss the fraud, negligent misrepresentation, and unjust enrichment claims as to the nationwide class.

As for Plaintiffs' express and implied warranty claims, they assert those claims under Cal. Com. Code §§ 2313(1) and 2314, but purport to do so on behalf of a nationwide class. But, again, they do not allege any facts remotely suggesting that those California statutes can be applied to consumers who purchased in States outside California. Under California law, it is presumed "that the Legislature did not intend the statutes of this state to have force or operation beyond the boundaries of the state." *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999). Plaintiffs do not allege any facts

plausibly suggesting that Cal. Comm. Code §§ 2313(1) and 2314 would apply to transactions between non-California consumers and Target, which Plaintiffs allege is incorporated in, and has a principal place of business in, Minnesota. (Compl. ¶ 10.) And, as already explained, Plaintiffs lack standing to assert warranty claims on behalf of a nationwide class under other States' laws. Accordingly, the Court should dismiss the nationwide claims as to the express and implied warranty causes of action.

**H. The Court should dismiss Plaintiffs' equitable restitution claims because they have failed to plead inadequate remedies at law.**

Plaintiffs' allegations fail to show they have an inadequate remedy at law, a failure that requires dismissal of all claims for equitable relief. Before a plaintiff can avail himself of a federal court's equitable jurisdiction, he must demonstrate that he lacks an adequate remedy at law. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842-44 (9th Cir. 2020). Both Supreme Court and Ninth Circuit case law require a plaintiff to plead facts establishing legal remedies are inadequate. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (affirming dismissal of complaint seeking equitable relief failed because it did not allege "the inadequacy of remedies at law"); *Sonner*, 971 F.3d at 844 ("[T]he operative complaint does not allege that Sonner lacks an adequate legal remedy."). If the allegations show that "the scope of the claim for legal damages does not materially differ from that of the claim for restitution," then the plaintiff has failed to carry that burden. *Gradney v. Polar Beverages*, 797 F. Supp. 3d 1016, 1029 (N.D. Cal. 2025).

Here, the scope of Plaintiffs' legal claims and equitable claims cover the exact same conduct, so the equitable restitution claims must be dismissed. Plaintiffs seek equitable relief under the UCL, FAL, and unjust enrichment claims, while seeking damages under their CLRA, warranty, and common law causes of action. All of Plaintiffs claims rely on the same theory: the front-label purported misleads consumers to believe they are purchasing 60 servings of 300mg ashwagandha rather than 30 servings. Because the scope of these legal claims does not materially differ from the that of their equitable restitution claims, they fail to plead equitable jurisdiction over the restitution claims.

First, the Ninth Circuit "already determined in *Sonner* that the availability of a CLRA claim for damages precludes a UCL claim for equitable relief in federal court." *Guzman v. Polaris Industries, Inc.*,

49 F.4th 1308, 1313 n.2 (9th Cir. 2022). *Guzman* is published, binding authority (as is *Sonner*). Here, Plaintiffs are pursuing a CLRA damages claim.

Second, Plaintiffs' claim that they seek equitable restitution "in the alternative" is inapposite. (Compl. ¶ 37.) The question is not whether a claim for equitable relief is "in the alternative" but whether Plaintiffs have adequate pled a claim for equitable relief in the first place. *See, e.g., In re Accellion, Inc. Data Breach Litig.*, No. 5:21-cv-01155-EJD, 2024 WL 333893, at *17 (N.D. Cal. Jan. 29, 2024) ("simply asserting their equitable claim in the alternative does not satisfy Plaintiffs' burden to allege that they lack an adequate remedy at law"); *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 846 (S.D. Cal. Jan. 25, 2024) (pleading in alternative does not excuse failure to plead legal remedies are inadequate). In any event, there are no alternative facts or theories on which Plaintiffs rely. Every single cause of action rests on the same facts and theory. Absent some alternative facts or theories, Plaintiffs' claim that they have pled equitable remedies in the alternative is meaningless.

Third, Plaintiffs claim that their legal remedies are inadequate because "the statutes of limitations of the causes of action pled herein vary" (Compl. ¶ 38), but the Ninth Circuit has already rejected that argument. *See Guzman*, 49 F.4th at 1313 n.2 (rejecting plaintiff's "argument that the federal inadequate-remedy-at-law principle should be limited to cases where an equitable claim and a legal claim have the same statute of limitations").

Fourth, Plaintiffs make the conclusory assertion that the scope of their UCL "unfair" claim is broader than their other claims and that their UCL "unlawful" claim rests on different conduct than their legal claims. Compl. ¶¶ 39, 42. This conclusory, boilerplate contention comes without any explanation as to what alleged *facts* show that either the "unfair" or "unlawful" UCL claims are predicated on any different conduct or scope than their claims for legal damages. In fact, their "unfair" and "unlawful" UCL claim rests on the same allegations of purportedly misleading advertising as their other claims. *See* Compl. ¶¶ 66, 69, 72-73, 75-77 (repeatedly referring to Defendant's "misrepresentations" and "misleading information").

Courts routinely dismiss claims for equitable restitution under these circumstances. As Courts in this circuit have frequently recognized, that a legal and equitable claim may contain distinct elements is

irrelevant unless the plaintiff can "differentiate the facts that support their claims" under the different theories. *Axelrod v. Lenovo (United States) Inc.*, No. 21-cv-6770-JSW, 2022 WL 976971, at *3 (N.D. Cal. Mar. 31, 2022); *see also Gradney*, 797 F. Supp. 3d at 1029. For example, in *Gradney*, the plaintiff claimed that the use of the phrase "100% Natural" on a flavored seltzer water label was false because the product contained synthetic ingredients. 797 F. Supp. 3d at 1019. The plaintiff brought legal claims as well equitable claims under California's Unfair Competition Law ("UCL"), including a claim under the UCL "unfair" prong. *Id.* at 1026. The plaintiff alleged that his legal claims were inadequate because the equitable claims, in particular, the UCL "unfair' claim "covers a broader scope of actionable conduct." *Id.* at 1028. The court rejected this argument, recognizing that even if in theory the equitable and legal claims could cover different conduct, that argument "would seem to have little traction in the instant case given the facts alleged." *Id.* at 1029. The court recognized that Plaintiff's "unfair" theory—as was true of Plaintiff's legal theories—required that "there would have to be something misleading about the '100% Natural' label in order for it to be deemed 'unfair.'" *Id.* Because there were no facts that differentiated the equitable and legal claims, the Court dismissed the equitable claims for failure to allege that legal remedies are inadequate. *See id.*

Finally, Plaintiffs' contention that their legal remedies are less certain than their equitable remedies (Compl ¶ 41) misconstrues the law. According to Plaintiffs, legal damages may be less certain if "damages . . . are determined to be an amount less than the premium price of the Product." This argument is in essence an argument that plaintiff may have a harder time proving damages than equitable remedies. But Plaintiffs' ability to prevail under their legal theory is irrelevant to whether their legal remedies are inadequate. "In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit." *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom*, *Sonner*, 971 F.3d at 844; *Rhynes v. Stryker Corp.*, No. 10-5619, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable."); *Axelrod*, 2022 WL 976971, at *3 (dismissing equitable claims

where plaintiff asserted legal remedies were inadequate because "it will be harder to prove their legal claims").

For all these reasons, Plaintiffs have failed to plead inadequate legal remedies, and their claims for equitable restitution fail as a matter of law.

## V. CONCLUSION

For the above reasons, the Court should dismiss the Complaint in its entirety with prejudice.

Dated: July 24, 2026

**AMIN WASSERMAN GURNANI, LLP**

***/s/ Cole Kroshus***

AMIN WASSERMAN GURNANI, LLP
Matthew R. Orr, Bar No. 211097
Cole Kroshus, Bar No. 345790
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (213) 933-2330
morr@awglaw.com
ckroshus@awglaw.com

*Attorneys for Defendant Target Corporation*

**CERTIFICATE OF SERVICE**
(United States District Court)

I hereby certify that on the 24th day of July, 2026, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

***/s/ Cole Kroshus***
Cole Kroshus