**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JANICE WILLIAMS and MICHAEL SMITH, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TARGET CORPORATION,

Defendant.

Case No.: 26-cv-02534-H-BLM

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

[Doc. No. 9.]

On July 24, 2026, Defendant Target Corporation filed a motion to dismiss Plaintiffs Janice Williams and Michael Smith's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 9.) On September 4, 2026, Plaintiffs filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 10.) On September 6, 2026, the Court took the matter under submission. (Doc. No. 11.) On September 14, 2026, Defendant filed a reply. (Doc. No. 12.) For the reasons below, the Court grants in part and denies in part Defendant's motion to dismiss.

/ / /

/ / /

/ / /

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Defendant Target makes, distributes, sells, and markets Up&Up Ashwagandha Gummies 300 mg. (Doc. No. 1, Compl. ¶ 1.) The packaging for Defendant's product states that the dosage is "300 mg" and container contains a "60 Count." (Id. ¶ 13.) Plaintiffs provide in their complaint the following image depicting the packaging for the Gummies product and the product's "Supplement Facts" label.







(Id.)

Plaintiffs contend that this labeling is misleading because each individual gummy only contains half the advertised dosage amount (150 mg), and, thus, two gummies are needed to achieve the advertised dosage of 300mg of ashwagandha. (Id. ¶¶ 12, 14.) Plaintiffs allege that this advertising misleads reasonable consumers into believing that each gummy contains the advertised dosage. (Id. ¶ 15.)

On April 21, 2026, Plaintiffs filed a complaint against Defendant, alleging claims for: (1) violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*; (2) violations of the California False Advertising Law ("FAL"), California Business and Professions Code §§ 17500 *et seq.*; (3) violations of the California Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq.*;

(4) breach of express warranties, California Commercial Code § 2313(1); (5) breach of the implied warranty of merchantability, California Commercial Code § 2314; (6) negligent misrepresentation; (7) intentional misrepresentation/fraud; and (8) quasi-contract/unjust enrichment. (Doc. No. 1, Compl. ¶¶ 58-132.) By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Plaintiffs' complaint for failure to state a claim. (Doc. No. 9 at 1, 17.)

## Discussion

### I. Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

**II. Analysis**

A. Plaintiffs' UCL, CLRA, and FAL Claims

In the complaint, Plaintiffs allege against Defendant claims for violations of California's UCL, CLRA, and FAL. (Doc. No. 1, Compl. ¶¶ 58-95.) Defendant argues that these claims should be dismissed because Plaintiffs fail to plausibly allege a significant number of reasonable consumers would be misled by the product's labeling. (Doc. No. 9 at 5–6.)

Claims under the UCL, CLRA, and FAL are governed by the "reasonable consumer" standard. McGinity v. Procter & Gamble Co., 69 F.4th 1093, 1097 (9th Cir. 2023) (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)). Under that standard, a plaintiff "must 'show that members of the public are likely to be deceived.'" Becerra v.

Dr Pepper/Seven Up, Inc., 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting Williams, 552 F.3d at 938).

The reasonable consumer standard requires "more than a mere possibility that [the defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003)). Rather, a plaintiff must plausibly allege "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" Id. (quoting Lavie, 105 Cal. App. 4th at 508); see also McGinity, 69 F.4th at 1097 ("The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers."). Put another way, "'[a] representation does not become "false and deceptive" merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed.'" Lavie, 105 Cal. App. 4th at 507 (citation omitted). "Indeed, a plaintiff's unreasonable assumptions about a product's label will not suffice." Moore v. Trader Joe's Co., 4 F.4th 874, 882 (9th Cir. 2021); see also La Barbera v. Ole Mexican Foods Inc., No. EDCV202324JGBSPX, 2023 WL 4162348, at *11 (C.D. Cal. May 18, 2023) ("The bottom line is this: under Moore, the reasonable consumer does not approach purchasing decisions with a professorial genius or inclination toward exhaustive research, but she is also not a chump, too doltish or careless to engage [a] simple analysis." (citation omitted)).

Plaintiffs' UCL, CLRA, and FAL claims are based on their contention that the statements on the Ashwagandha product's labeling are misleading because they assert that the product contains a 60 count of gummies, while failing to adequately disclose that two gummies are required to achieve the advertised dosage of 300 mg. (See Doc. No. 1, Compl. ¶¶ 12–15.) Plaintiffs contend that Defendant's labeling misleads reasonable consumers into believing that each gummy contains the advertised dosage. (Id. ¶ 15.)

A review of the front label of Defendant's product shows that it represents that the quantity of ashwagandha is "300 mg" and does not disclose anywhere on the front label that two gummies are required in order to receive that advertised dosage. Courts within the Ninth Circuit have found similar allegations sufficient to plausibly allege that a reasonable consumer would be misled by the label. See, e.g., Barrales v. New Chapter, Inc., No. 2:25-CV-01171-HDV-KES, 2025 WL 1584424, at *6 (C.D. Cal. June 4, 2025) (finding the statement "4g of probiotic fiber" on a front label where two gummies were needed to achieve that dosage sufficient to state claim for consumer deception); Swetala v. Quten Rsch. Inst., LLC, No. 1:24-CV-00620-JLT-BAM, 2025 WL 950627, at *5 (E.D. Cal. Mar. 28, 2025) (finding allegations sufficient to state claims for consumer deception where "the front label here indicated a '1000mg' dosage and that the package included '120 vegetarian capsules,' with no additional qualifications or information on the number of servings"); Cimoli v. Alacer Corp., 546 F. Supp. 3d 897, 903 (N.D. Cal. 2021) (finding allegations sufficient to state claims for consumer deception where "the representations on the front panel of the Products include a specific dosage representation without any indication as to whether the dosage is per serving or per unit"); Tarvin v. Olly Pub. Benefit Corp., 756 F. Supp. 3d 797, 804–06 (C.D. Cal. 2024).

Defendant argues that no reasonable consumer could be misled because the "Supplement Facts" label on the product states that the serving size is "2 Gummies." (Doc. No. 9 at 5–6.) This argument is unpersuasive. "Placing a disclaimer or a fine-print ingredients list on a product's back label does not necessarily absolve a defendant of liability for deceptive statements on the front label." Whiteside v. Kimberly Clark Corp., 108 F.4th 771, 778 (9th Cir. 2024). The Ninth Circuit has instructed that a product's back label or other information can only be considered at the pleading stage if the front label is ambiguous. Id.; see Panelli v. Target Corp., 172 F.4th 1120, 1125 (9th Cir. 2026). Here, Plaintiffs have plausibly alleged that the front label conveys an unambiguous meaning to a reasonable customer that one gummy contains 300 mg of ashwagandha. As such, the product's back label containing the Supplement Facts cannot be considered at the motion

to dismiss stage.[1] See Swetala, 2025 WL 950627, at *4 ("Thus, when the front label displays a dosage without specifying if the dosage is per unit or per serving, the front label is unambiguous such that a plaintiff need not turn to the back label for further information."); Barrales, 2025 WL 1584424, at *6; Cimoli, 546 F. Supp. 3d at 903. In sum, the Court declines to dismiss Plaintiffs' claims for violations of the UCL, CLRA, and FAL.

B. Plaintiffs' Claim for Breach of Express Warranty

In the complaint, Plaintiffs allege against Defendant a claim for breach of express warranty. (Doc. No. 1, Compl. ¶¶ 96–102.) Under California law, to prevail on a breach of express warranty claim, a plaintiff must prove "(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." Patricia A. Murray Dental Corp. v. Dentsply Internat., Inc., 19 Cal. App. 5th 258, 275 (2018) (internal quotation marks omitted). "To constitute a warranty and be actionable, the statement must be specific and unequivocal." Corbett v. PharmaCare U.S., Inc., 567 F. Supp. 3d 1172, 1199 (S.D. Cal. 2021).

Defendant argues that Plaintiffs' claim for breach of express warranty should be dismissed because Plaintiffs fail to allege that Target made any "specific and unequivocal"

---

[1] Defendant characterizes the Supplement Facts list as being located "adjacent" to the front label – rather, than being located on a back label. (See Doc. No. 9 at 1, 5; Doc. No. 12 at 1–2 (citing Testone v. Go Macro, LLC, No. 25-CV-1743-RSH-KSC, 2026 WL 948510, at *1 (S.D. Cal. Apr. 8, 2026)).) But this is a distinction without a difference. Even assuming the Supplement Facts is "adjacent" to the front label, that still means it is not on the front label itself, and the Ninth Circuit's test for when it is appropriate to consider other information besides from the front label still applies. See Panelli, 172 F.4th at 1126 (explaining that when the front label conveys a concrete and unambiguous meaning, "a reasonable consumer would therefore not need other information to determine what the claim was representing" (emphasis added)); see also Testone, 2026 WL 948510, at *4 ("The California Court of Appeal has contrasted cases in which qualifying information was presented on the same side as a challenged statement, against cases in which qualifying information was presented on a different side of the packaging.").

warranty that the product contains 300 mg ashwagandha root extract per count. (Doc. No. 9 at 7; Doc. No. 12 at 4–5.) Defendant is correct. Although the dosage representation on the front label of Defendant's product is sufficient to plausibly plead that a reasonable consumer could be misled, the representation does not rise to the level of an express "affirmation of fact or promise" that each gummy/count contains 300 mg of ashwagandha. See Swetala, 2025 WL 950627, at *5 ("Though the Court has found that the dosage representations on the front label could mislead a reasonable consumer, the Court agrees that the representation does not rise to the level of an express 'affirmation of fact or promise' that the dosage amount is per unit."); Cimoli, 546 F. Supp. 3d at 905 ("Although a reasonable consumer could be misled by the absence of clarifying language on the Product's front label, neither of the representations are express affirmations of fact or promises that the dosage information is per gummy.").

As such, the Court dismisses Plaintiffs' claim for breach of express warranty. Further, because Plaintiffs' claim for breach of express warranty is based on the representations contained on the front label of Defendant's product, which is displayed in full in Plaintiffs' complaint, (see Doc. No. 1, Compl. ¶ 13), the defects in Plaintiffs' claim for breach of express warranty is not something that can be cured by amendment of the complaint. As a result, the Court dismisses the breach of express warranty claim with prejudice.

C. Plaintiffs' Claim for Breach of Implied Warranty

In the complaint, Plaintiffs allege against Defendant a claim for breach of implied warranty. (Doc. No. 1, Compl. ¶¶ 103–09.) Defendant argues that Plaintiffs' claim for breach of implied warranty must be dismissed because it fails for the same reason as their claim for breach of express warranty. (Doc. No. 9 at 7–8; Doc. No. 12 at 5.) Defendant is correct.

"'When an implied warranty of merchantability cause of action is based solely on whether the product in dispute conforms to the promises or affirmations of fact on the packaging of the product, the implied warranty of merchantability claim rises and falls with

express warranty claims brought for the same product.'" Swetala, 2025 WL 950627, at *5 (quoting Hadley v. Kellogg Sales Co., 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017)). Plaintiffs' claim for breach of implied warranty is based solely on the promises or affirmations of fact on the packaging of the product. (See Doc. No. 1, Compl. ¶¶ 103, 107.) As such, Plaintiffs' claim for breach of implied warranty fails for the same reason as Plaintiffs' claim for breach of express warranty. See Swetala, 2025 WL 950627, at *5 ("Because the express and implied warranty claims are predicated on the same 'affirmation of fact or promise,' the implied warranty claim likewise fails." (citation omitted)); Cimoli, 546 F. Supp. 3d at 905 ("Because the Court has found that Plaintiff has not pled an affirmation of fact or promise that the dosage representations are per gummy, Plaintiff's implied warranty claim fails."). As a result, the Court dismisses Plaintiffs' claim for breach of implied warranty with prejudice.

D. Plaintiffs' Misrepresentation Claims

In the complaint, Plaintiffs allege against Defendant a claim for negligent misrepresentation and a claim for intentional misrepresentation. (Doc. No. 1, Compl. ¶¶ 110–27.) Under California law, "[t]he elements of intentional misrepresentation 'are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage.'" Aton Ctr., Inc. v. United Healthcare Ins. Co., 93 Cal. App. 5th 1214, 1245 (2023) (quoting Chapman v. Skype Inc., 220 Cal. App. 4th 217, 230-31 (2013)). "The elements of negligent misrepresentation are: '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" Id. at 1245–46 (quoting Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC, 158 Cal. App. 4th 226, 243 (2007)).

Defendant contends that Plaintiffs' misrepresentation claims must be dismissed because the labeling does not contain any false representations, and Plaintiffs have failed to allege sufficient facts to support a concealment or nondisclosure based misrepresentation

claim. (Doc. No. 9 at 9; Doc No. 12 at 6.) The Court has found Plaintiffs' allegations regarding the front label on Defendant's product sufficient to plausibly allege that a reasonable consumer could be misled by the representations on the label. These same allegations are also sufficient to support Plaintiffs' misrepresentation claims. See, e.g., Swetala, 2025 WL 950627, at *6 (finding plaintiffs' misrepresentation claims sufficient pled where the court had "already held that Plaintiff has sufficiently plead a misrepresentation under the reasonable consumer standard"); Cimoli, 546 F. Supp. 3d at 904 (same). As such, the Court declines to dismiss Plaintiffs' misrepresentation claims.

E. Plaintiffs' Claim for Unjust Enrichment

In the complaint, Plaintiffs allege against Defendant a claim for unjust enrichment. (Doc. No. 1, Compl. ¶¶ 128–32.) Defendant argues that Plaintiffs' claim for unjust enrichment should be dismissed because California law prohibits a party from bringing both an unjust enrichment claim and a breach of express warranty claim. (Doc. No. 9 at 9–10; Doc. No. 12 at 7.) The Court has dismissed Plaintiffs' claim for breach of express warranty with prejudice. As such, the Court rejects this basis for dismissal of Plaintiffs' unjust enrichment claim.

Defendant also argues that Plaintiffs' claim for unjust enrichment fails for the same reason as Plaintiffs' statutory claims. (Doc. No. 9 at 10.) The Court has declined to dismiss Plaintiffs' UCL, FAL, and CLRA claims. As such, the Court also rejects this basis for dismissal of Plaintiffs' unjust enrichment claim. In sum, the Court declines to dismiss Plaintiffs' claim for unjust enrichment.

F. Standing to Bring Claims for Injunctive Relief

In the complaint, Plaintiffs seek injunctive relief as a form of relief under their UCL, FAL, and CLRA claims. (Doc. No. 1, Compl. ¶¶ 64, 85, 92.) Defendant argues that Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have failed to allege that they have Article III standing for those forms of relief. (Doc. No. 9 at 10–12.)

"A plaintiff must demonstrate constitutional standing separately for each form of relief requested." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018)

(citing Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 185 (2000)). Prospective injunctive relief requires a plaintiff to show a threat of future injury that is "actual and imminent, not conjectural or hypothetical." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). "[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." Davidson, 889 F.3d at 969 (quoting Summers, 555 U.S. at 493). This is because "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." Id. at 1115. To establish standing, the previously deceived consumer must sufficiently allege "an imminent or actual threat of future harm caused by [the] allegedly false advertising," such as a desire to purchase the product again in the future. Id. at 970.

In the complaint, Plaintiffs do not sufficiently allege that they seek or intend to purchase Defendant's product again. Indeed, Plaintiffs expressly allege the opposite; that they will not purchase the product again. (Doc. No. 1, Compl. ¶ 33 ("Plaintiffs will be unable to rely on the Product's advertising or labeling in the future, and so will not purchase the Product again although they would like to.").) And even construing these allegations in the light most favorable to Plaintiffs, Plaintiffs fail to allege any facts in their complaint that plausibly demonstrate "a real and immediate" threat of injury in the future.[2] See

---

[2] The Court acknowledges that in the complaint, Plaintiffs also allege: "Plaintiffs would like to, and would consider, purchasing the Product again when they can do so with the assurance that the Product's label is truthful and consistent with the Product's actual ingredients." (Doc. No. 1, Compl. ¶ 32.) But this is of no consequence because, if Plaintiffs knew the statements were true, then there is no threat of alleged future injury. As such, these additional allegations are insufficient to satisfy the imminent injury requirement for Article III standing. See In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig., No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("[T]he imminent injury requirement is not met by alleging that the plaintiffs would consider purchasing Coke."); Lanovaz v. Twinings N. Am., Inc., 726 F. App'x 590, 591 (9th Cir. 2018) ("Lanovaz's statement that

Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 953 (9th Cir. 2011). Plaintiffs' future harm is thus "conjectural or hypothetical" and not "actual and imminent." Summers, 555 U.S. at 493.

Plaintiffs cite to the Ninth Circuit's decision in Davidson and argue that it supports their contention that they have standing to bring claims for injunctive relief. (Doc. No. 10 at 16.) Davidson is distinguishable because the plaintiff in that case alleged a desire to purchase the product again. See Davidson, 889 F.3d at 971. Plaintiffs fail to do so here. (See Doc. No. 1, Compl. ¶ 33.) And even assuming Plaintiffs have sufficiently alleged a desire to purchase the product again, unlike in Davidson, in which the plaintiff faced a future injury because she still could not rely on the defendant's claims about its products' "flushability" without first purchasing and using the flushable wipes again, 889 F.3d at 971–72, Plaintiffs in this case admit that they now have the knowledge that enables them to make an appropriate choice with respect to Defendant's ashwagandha gummies – that whether the stated dosage is per single gummy or multiple gummies can be confirmed by reviewing the rest of the label. (See Doc. No. 1, Compl. ¶¶ 12–15.) "Since Davidson, courts in this Circuit have held that plaintiffs lack Article III standing to seek injunctive relief for claims under California law involving deceptive product labels where, unlike the plaintiff in Davidson, the plaintiffs could verify the products' descriptions merely by looking at the labels and thus could not show a likelihood of being deceived in the future." Lozano v. Walmart, Inc., No. CV 23-4500-SPG-MAR, 2024 WL 412606, at *4 (C.D. Cal. Feb. 1, 2024) (collecting cases); see, e.g., Rodriguez v. Natures Path Foods, Inc., No. 2:25-CV-01735-SPG-E, 2025 WL 3691807, at *4 (C.D. Cal. Sept. 23, 2025) ("Plaintiffs now know the amount of added sugar in the Products. Therefore, they will 'not be misled next time.'" (quoting Fernandez v. Atkins Nutritionals, Inc., No. 3:17-CV-01628-GPC-WVG, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018))); Stewart v. Kodiak Cakes, LLC, 537 F.

she would 'consider buying' Twinings products does not satisfy [the Article III] standard.").

Supp. 3d 1103, 1127 (S.D. Cal. 2021) ("Unlike in Davidson where the plaintiff had no way to determine whether the representation of the wipes being 'flushable' was in fact true in the future, the exaggerated size of Defendant's packaging can be checked easily by Plaintiffs." (citation omitted)).

In sum, Plaintiffs lack standing to pursue their claims for injunctive relief under the UCL, CLRA, and FAL and those claims for relief are dismissed. See, e.g., Stewart, 537 F. Supp. 3d at 1128; Rodriguez, 2025 WL 3691807, at *4; Nacarino v. KSF Acquisition Corp., 642 F. Supp. 3d 1074, 1080 (N.D. Cal. 2022). Further, because this is not an issue that can be cured by amendment of the pleadings to include additional factual allegations, the Court's dismissal of the claims for injunctive relief is without leave to amend.

G. Plaintiffs' Nationwide Class Claims

In the complaint, Plaintiffs seek certification of a nationwide class. (Doc. No. 1, Compl. ¶ 44.) Defendant argues that Plaintiffs, who are citizens of California and were injured in California, lack Article III standing to bring claims under non-California law. (Doc. No. 9 at 12–14.) Defendant also argues that the nationwide class claims should be dismissed because Plaintiffs fail to allege what specific state laws govern their claims. (Doc. No. 12 at 8.) In response, Plaintiffs argue that the decision of whether their nationwide class claims are proper should be addressed at the class certification stage of the case (not the motion to dismiss stage). (Doc. No. 10 at 19–21.)

In support of their position, Plaintiffs rely of several cases that defer choice-of-law questions to class certification and emphasize the governmental-interest framework discussed in Mazza v. Am. Honda Motor Co., 666 F.3d 581 (9th Cir. 2012). (See Doc. No. 10 at 19–21.) "Those authorities, however, address which choice-of-law analysis will govern putative class members' claims, not whether the named plaintiffs have Article III standing to assert claims under the laws of states with which they have no connection." Marks v. United Parks & Resorts, Inc., No. 24-CV-1992-MMA-KSC, 2025 WL 2767941, at *2 (S.D. Cal. Sept. 26, 2025). Further, "following the Ninth Circuit's decision in Easter v. Am. W. Fin., 381 F.3d 948, 962 (9th Cir. 2004), district courts in California frequently

address the issue of Article III standing at the pleading stage and dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products." Marks, 2025 WL 2767941, at *3 (collecting cases); see, e.g., McVay v. Kroger Co., No. 2:25-CV-06176-SVW-RAO, 2026 WL 713006, at *7 (C.D. Cal. Feb. 3, 2026); Bryan v. Del Monte Foods, Inc., No. 23-CV-00865-MMC, 2023 WL 4758452, at *4 (N.D. Cal. July 25, 2023).

Here, Plaintiffs are both residents of California and both allegedly purchased the product at issue in California. (See Doc. No. 1, Compl. ¶ 11.) As such, Plaintiffs lack standing to bring nationwide class claims under the laws of states in which they do not reside and have not purchased products in. See Marks, 2025 WL 2767941, at *4; McVay, 2026 WL 713006, at *7; Bryan, 2023 WL 4758452, at *4. In addition, Plaintiffs do not even identify which state laws govern their remaining nationwide class claims, which alone is an additional ground for dismissal. (See Doc. No. 1, Compl. ¶¶ 110–32.) See Marks, 2025 WL 2767941, at *4; see also Stewart, 537 F. Supp. 3d at 1157 ("Plaintiffs must allege the applicable law to determine whether they plead a sufficient claim."). As a result, the Court dismisses Plaintiffs' nationwide class claims without leave to amend.

H. Plaintiffs' Equitable Claims

In the complaint, Plaintiffs seek equitable relief as part of their UCL, FAL, and unjust enrichment claims. (Doc. No. 1, Compl. ¶¶ 65, 85, 131.) Defendant argues that Plaintiffs' equitable restitution claims should be dismissed because they have failed to adequately plead inadequate remedies at law. (Doc. No. 9 at 14–17.) Defendant contends that Plaintiffs' equitable claims must be dismissed because Plaintiffs' legal claims (the CLRA claim and the misrepresentation claims) seek damages for the exact same conduct, meaning that equitable relief is precluded. (Id. at 14.) To support this argument, Defendant relies on the Ninth Circuit's decision in Sonner v. Premier Nutrition Corp., 971 F.3d 834 (9th Cir. 2020). In response, Plaintiffs argue that their claims for equitable relief should not be dismissed because, at the pleading stage, they can be pled in the alternative under Federal Rule of Civil Procedure 8(a)(3). (Doc. No. 10 at 21–24.)

"[E]quitable relief is not appropriate where an adequate remedy exists at law." Schroeder v. United States, 569 F.3d 956, 963 (9th Cir. 2009). A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." Sonner, 971 F.3d at 844.

Defendant's reliance on Sonner is unpersuasive. In Sonner, on the eve of trial, the plaintiff voluntarily dismissed her CLRA claim for damages in order to avoid the jury and seek the same amount as restitution at a bench trial. Id. at 837-38. The resulting amended complaint, seeking only equitable relief, was dismissed because the plaintiff could not show that damages were unavailable to her. Id. at 838, 844.

This case is at the pleading stage (not the eve of trial) and at the pleading stage, a plaintiff can plead conflicting theories in the alternative under Fed. R. Civ. P. 8(a)(3). See Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762-63 (9th Cir. 2015). Indeed, many district courts in the Ninth Circuit have held that Sonner does not prohibit plaintiffs from pleading claims for equitable relief in the alternative at the pleading stage. See, e.g., Sullivan v. Built Brands LLC, No. 24-CV-04565-JST, 2026 WL 2475783, at *2 (N.D. Cal. Aug. 24, 2026) ("[T]his Court, along with the majority of courts in this district, understands Sonner to require far less at the pleading stage.") (collecting cases); Wysocki v. Chobani, LLC, 828 F. Supp. 3d 1061, 1082 (S.D. Cal. 2026) ("Due to the challenge courts face when attempting to determine the adequacy of legal remedies at the outset of litigation, courts may permit unjust enrichment claims to survive at the pleading stage."). Accordingly, the Court declines to dismiss Plaintiffs' claims for equitable relief.

/ / /

/ / /

/ / /

**Conclusion**

For the reasons above, the Court grants in part and denies in part Defendant's motion to dismiss. The Court dismisses Plaintiffs' claims for breach of express warranty and breach of implied warranty with prejudice. In addition, the Court dismisses Plaintiffs' claim for injunctive relief and nationwide class claims without leave to amend. The Court declines to dismiss the remainder of the complaint. Defendant must file an answer to the complaint **within thirty (30) days from the date this order is filed**.

**IT IS SO ORDERED.**

DATED: September 28, 2026

Marilyn L. Huff

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT